### TILLE v FINLY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1131. Decided Feb 3, 1933

Irvin C. Delscamp, Dayton, for plaintiff in error.

L. H. Mattern, Dayton, for defendant in error.

### BY THE COURT

We have been asked to certify this case as being in conflict with the case of the **Attorneys' Service Company v Monk, 19 Oh Ap, page 16.** In this connection we have reconsidered the motion for rehearing. The majority of the court are of opinion that the decision heretofore rendered should be adhered to.

From a re-examination of the evidence, we reach the conclusion that Dr. Finly was called by one of the daughters of Mrs. Tille; that when he went to the hospital where Mrs. Tille was, he found her two daughters there, and he knew from the fact of the two daughters that she had been married, and while he did not know absolutely that the husband was living, he was of the opinion that he was, and while the account was charged to the wife, he afterwards sent a statement of the bill to her husband two or three different times and received no word from him. The wife paid a small sum on the amount of the bill and the balance of the bill was made the basis of a suit against the husband.

The doctor's testimony is not entirely clear. In his direct examination he testified that he did not look exclusively for payment to Mrs. Tille. On his cross examination he testified that he did. This was finally cleared up by an examination by the court as follows:

"Q. (By the Court) Let me ask you this. What conversations had you with the defendant, Mr. Harry Tille, in regard to this accident; did you ever have a personal conversation with him in regard to the bill or to a bill that you ever sent him? A. I sent him the statements but never had a direct personal conversation.

Q. Did you send the statements before or after you entered this charge against Grace Tille on your books? A. Afterwards.

Q. Do you know whether at the time you performed these services, Grace Tille was the wife of the defendant Harry Tille? A. Yes, sir, she was at the time.

Q. Did you know that? A. Yes, I knew that."

It therefore appears that while the charge was made against the wife, that the defendant knew that she had a husband living and sent statements to him for payment.

The case of **Badger v Orr, 1 Oh Ap 293,** holds that:

"The liability of a husband for necessaries or care furnished his wife is not affected by the fact that he is insane or mentally incompetent to transact business, and an action for recovery for services or necessaries so furnished, may be maintained against the administrator of such husband notwithstanding the indebtedness was incurred during the lifetime of the husband and was not approved by his guardian."

This would be some inference that the decision in the case of Attorneys' Service Company v Monk, may be at least open to doubt.

However, the majority of the court are of the opinion that the application for rehearing should be overruled and the original judgment adhered to, but that the case should be certified to the Supreme Court as being in conflict with the case of the **Attorneys' Service Company v Monk, 19 Oh Ap, page 16.** Judgment accordingly.

### HORNBECK, J, dissenting:

Upon further consideration, I am of opinion that the application for rehearing should be granted, cause remanded and final judgment entered dismissing the petition.

The majority presents the facts in the most favorable light for the defendant in error. These establish nothing more than that the plaintiff in error was the husband of Mrs. Tille, and that notwithstanding this knowledge by Dr. Finly he made the charge to the wife, Mrs. Tille, and thereafter credit was received by the doctor from her upon the account. The credit having been extended to the wife and the purpose indicated to accept her exclusively for the obligation, the general rule of law in such a situation applies and the creditor cannot thereafter insist upon the right to change his debtor. This principle is established in Dorsey v Goodenow, W. 120.

The narrow question considered is discussed at length in an annotation to the case of Brown v Dureppo, 27 A.L.R., 554,

and the rule there stated as being well settled both at common law and under modern statutes, is that if the credit for necessaries furnished to the wife is given exclusively to her, the husband is not ordinarily liable therefor. The rule is supported by extensive authority from sixteen of the states of the United States and cases from England and Canada. This authority and others are cited in the case of **Service Company v Monk, 19 Oh Ap, page 16,** wherein the Court of Appeals of Scioto County, Mauck, PJ, writing the opinion concludes that:

"A husband is not liable for necessaries furnished his wife if the merchant furnishing them charged them to the wife and was unaware that she had a husband."

The only element of difference in the Monk case and the instant case is that the creditor in the Monk case did not know that the wife had a husband living. This difference, in my judgment is not sufficient to require a different determination than was reached in the Monk case.